UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILLORI GRAHAM,<br><br>  Plaintiff,<br><br>  v.<br><br>CENTRAL GARDEN & PET COMPANY,<br><br>  Defendant. | Case No. 22-cv-06507-JSC<br><br>**ORDER RE: MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. No. 22 |

Plaintiff sues Defendant for making misleading marketing claims on its cat-calming products. (Dkt. No. 1.)[1] Before the Court is Defendant's motion to stay discovery pending an order on its earlier-filed motion to dismiss, which will be heard in a little over one month. (Dkt. No. 22; *see* Dkt. No. 18.) After carefully considering the briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the February 23, 2023 hearing, and DENIES the motion.

**DISCUSSION**

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Nonetheless, a district court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and may stay

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   discovery for "good cause," Fed. R. Civ. P. 26(c)(1)(A).  The party seeking a stay bears the burden

2   to establish good cause.  *See Gray*, 133 F.R.D. at 40; *see also Landis v. N. Am. Co.*, 299 U.S. 248,

3   255 (1936) (explaining that proponent of stay bears burden).

4         In this district, courts often apply "a two-pronged test to determine whether discovery

5   should be stayed pending resolution of a dispositive motion."  *In re Nexus 6P Prod. Liab. Litig.*,

6   No. 17-CV-02185-BLF, 2018 WL 3036734, at *2 (N.D. Cal. June 19, 2018) (collecting cases).

> First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending motion can be decided absent discovery.

10  *Id.* (cleaned up).  Both prongs must be met to establish good cause.  *See id.*

11        Here, Defendant's motion to dismiss is potentially dispositive of the entire case only

12  assuming the Court would not grant leave to amend.  *See Singh v. Google, Inc.*, No. 16-CV-

13  03734-BLF, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016) ("[E]ven if Defendant were

14  correct that Plaintiff's claims must be dismissed as alleged, the Court would consider whether

15  leave to amend should be granted, rendering [Defendant's] motion not dispositive."); *Gray*, 133

16  F.R.D. at 40 ("Defendants have done no more than to argue in conclusory fashion that their

17  motions to dismiss . . . will succeed").  Nor would the motion to dismiss significantly narrow the

18  issues; while Plaintiff brings various claims, all arise from the same overall theory that Defendant

19  markets four products in a similarly misleading way.

20        Apart from the two-pronged test, Defendant has not established good cause.  Most

21  importantly, it has not explained why Plaintiff's pending discovery requests are overbroad (or

22  even what the requests are) or why responding to them now would be unduly costly.  It is always

23  true that discovery is unnecessary if a case is ultimately dismissed, and yet the Federal Rules

24  provide for liberal discovery while issues of law remain unresolved.  *See Gray*, 133 F.R.D. at 40

25  ("If this court were to adopt defendants' reasoning, it would undercut the Federal Rules' liberal

26  discovery provisions.").

27        Accordingly, Defendant has not established good cause to stay discovery.

28  //

**CONCLUSION**

Defendant's motion is DENIED.

This Order disposes of Docket No. 22.

**IT IS SO ORDERED.**

Dated: February 16, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge