UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILLORI GRAHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTRAL GARDEN & PET COMPANY,<br><br>    Defendant. | Case No. 22-cv-06507-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 18 |

Plaintiff sues Defendant for false and misleading statements on its cat-calming products. (Dkt. No. 1.)[1] Before the Court is Defendant's motion to dismiss. (Dkt. No. 18.) After carefully considering the briefing, and with the benefit of oral argument on March 30, 2023, the Court GRANTS the motion in part and DENIES it in part.

## COMPLAINT ALLEGATIONS

Plaintiff is a California resident who purchased Defendant's Comfort Zone-branded Cat Calming Kit, Multi-Cat Calming Kit, and Calming Pheromone Collar. She read and relied on the product labels, which state they are "trusted" and "proven" to "reduce multi-cat conflict and destructive behavior," to provide "anxiety and stress relief," and to "reduce scratching" and "urine marking." (Dkt. No. 1 ¶ 14.) She believed the products "would reduce tension and conflict as advertised, as well as provid[e] calming and therapeutic benefits to reduce scratching and urine marking." (*Id.* ¶ 15.) Defendant markets a fourth product, Spray & Scratch Control, in a similar way.

Defendant's statements are false and misleading because its products do not effectively

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

treat stress or related behaviors in cats. The products' active ingredient is a synthetic version of the cat facial pheromone that signals safe territory, but "synthetic animal pheromones have not been proven to provide any calming or other behavior altering effects on cats." (*Id.* ¶ 6.) The Riemer study found "[t]he effectiveness of pheromones in dogs and cats on fear behavior could not be demonstrated in the majority [of] studies"; the Chadwin study found "[n]o significant difference between cats exposed to the pheromone diffuser and those exposed to [a] placebo diffuser"; and the Conti study found exposure to synthetic pheromones "does not reduce physiologic and behavioral changes caused by stress." (*Id.* ¶¶ 31–33.) To the extent synthetic pheromones provide any benefit, it is only in conjunction with other stress-reducing treatments. (*Id.* ¶ 35.) Plaintiff would not have purchased the three products had she known Defendant's representations were false and misleading. (*Id.* ¶ 16.)

On behalf of a putative class of all people in the United States who bought Defendant's four products, Plaintiff brings claims for: (1) violation of California's Consumer Legal Remedies Act ("CLRA"), (2) violation of California's False Advertising Law ("FAL"), (3) violation of all three prongs (unlawful, unfair, and fraudulent) of California's Unfair Competition Law ("UCL"), (4) breach of express warranty, (5) breach of implied warranty of fitness for a particular purpose, and (6) unjust enrichment. Defendant moves to dismiss all claims.

## DISCUSSION

In addition to Federal Rule of Civil Procedure 8(a), Plaintiff's claims are subject to Rule 9(b)'s heightened pleading requirement for claims "grounded in" fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (explaining that if a claim relies on an alleged "unified course of fraudulent conduct," Rule 9(b) applies even if fraud is not a necessary element of the claim); *see, e.g.*, *Loh v. Future Motion, Inc.*, No. 5:21-CV-06088-EJD, 2022 WL 2668380, at *5 (N.D. Cal. July 11, 2022) ("Plaintiffs' theory that Defendant harmed its customers by fraudulently representing the safety and craftsmanship of the Onewheel underlies each claim."). Thus, for each claim Plaintiff must allege "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (cleaned up).

I.     **FALSE OR MISLEADING UNDER CLRA, FAL, & UCL**

Plaintiff asserts Defendant misrepresented the "sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities" and "particular standard, quality, or grade" of the products, in violation of the CLRA. Cal. Civ. Code §§ 1770(a)(5), (7). She also asserts the marketing statements are "untrue or misleading" under the FAL and "unfair" and "fraudulent" under the UCL. Cal. Bus. & Prof. Code §§ 17500, 17200. All of these claims are governed by the "reasonable consumer" test. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) ("Plaintiff must show that members of the public are likely to be deceived. This requires . . . a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." (cleaned up)); *see Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1063 (N.D. Cal. 2017) (analyzing CLRA, FAL, and UCL claims together and collecting cases). Plaintiff must "adequately plead that reasonable consumers are likely to be deceived" by Defendant's statements and, pursuant to Rule 9(b), "*why* the [statements are] false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 n.2 (9th Cir. 2018).

Plaintiff plausibly alleges the statements are false or misleading and that reasonable consumers could be misled. Defendant claims the products "reduce multi-cat conflict and destructive behavior," provide "anxiety and stress relief," and "reduce scratching" and "urine marking." (Dkt. No. 1 ¶ 14.) But, according to Plaintiff, three studies found synthetic pheromones had no effect on cat behavior. (*Id.* ¶¶ 31–33.) As alleged, and together with Plaintiff's other factual allegations, the studies help "nudge" an inference of falsity "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Locklin v. StriVectin Operating Co., Inc.*, No. 21-CV-07967-VC, 2022 WL 867248, at *4 (N.D. Cal. Mar. 23, 2022) ("[Defendant] argues that [Plaintiff] fails to 'show' that the four chemicals are actually dangerous to the reefs, and that the studies cited by the plaintiff do not 'establish' what they allege about the chemicals. But at the motion to dismiss stage, complaints need not 'show' or 'establish' anything."). Plaintiff also meets Rule 9(b)'s requirement to plead "*why* the [statements are] false," *Davidson*, 889 F.3d 964 n.2: because synthetic pheromones actually have no calming effect on cats.

1    Defendant asks the Court to look beyond the complaint to the studies' limitations,
2  including that the studies did not examine Defendant's specific products.  The Court may take
3  judicial notice of the studies because they are incorporated by reference into the complaint, *see*
4  *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018), but will not analyze their merits.
5  *See Tubbs v. AdvoCare Int'l, L.P.*, 785 F. App'x 396, 397 (9th Cir. 2019) (stating in false labeling
6  case: "We assume, without deciding, that the district court erred by evaluating the persuasiveness
7  the report's final conclusions.  *See Sonner v. Schwabe N. Am., Inc*., 911 F.3d 989, 992–93 (9th Cir.
8  2018) (per curiam) (holding that the persuasiveness of an admissible report by an expert is for the
9  fact-finder to decide).").  Defendant's interpretation of the studies requires the Court to draw
10 inferences in its favor, whereas the Court must draw all reasonable inferences in Plaintiff's favor
11 at the motion to dismiss stage.  *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005);
12 *Lytle v. Nutramax Lab'ys, Inc.*, No. EDCV19835JGBSPX, 2019 WL 8060070, at *6 n.4 (C.D.
13 Cal. Sept. 26, 2019) (declining to consider Defendants' arguments "disput[ing] Plaintiffs'
14 characterization of the studies and cit[ing] passages that are not in the [complaint], including
15 passages where the authors warn against general application of their findings").

16   The studies support a reasonable inference that synthetic pheromones do not calm cats.
17 They do not "directly contradict[]" Plaintiff's allegations.  *Locklin*, 2022 WL 867248, at *4 ("The
18 cited studies reference at least some of the chemicals identified in the complaint and purport to
19 document their potentially harmful effects on coral reefs.  Discovery may expose that those studies
20 contain vital flaws, but it is enough for now that the studies do not plainly refute the allegations in
21 the complaint."); *cf. Aloudi v. Intramedic Rsch. Grp., LLC*, 729 F. App'x 514, 516 (9th Cir. 2017)
22 (unpublished) (affirming dismissal where complaint referred to studies, but "none . . . involv[ing]
23 scientific testing of the actual JavaSLIM product or a product with the same active ingredients as
24 JavaSLIM, in a dose similar to that in JavaSLIM").  As such, the studies support a plausible
25 inference that Defendant's statements are false or misleading.

26   Nor is the Court persuaded by Defendant's characterizing Plaintiff's theory as lack of
27 substantiation.  *See Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096–97 (9th Cir. 2017) ("[E]ach of
28 these is simply an allegation that defendant's marketing claims lack scientific substantiation.

4

1   Since California law does not provide a private cause of action for claims that advertising lacks
2   substantiation, the failure to allege specific facts pointing to actual falsehood constitutes a fatal
3   flaw.").  Plaintiff does allege synthetic pheromones "have not been proven" to calm cats, (Dkt. No.
4   1 ¶ 6), but her overall theory is there is affirmative scientific evidence that synthetic pheromones
5   have no effect on cats' stress-related behavior, (*see id.* ¶¶ 31–33).  Drawing all reasonable
6   inferences in Plaintiff's favor, she plausibly alleges false statements, not unsubstantiated
7   statements.  *See Perez v. Bath & Body Works, LLC*, No. 21-CV-05606-BLF, 2022 WL 2756670,
8   at *4 (N.D. Cal. July 14, 2022) ("[Plaintiff] has provided allegations of affirmative evidence that
9   hyaluronic acid does not retain 1,000 times its weight in water.  [She] has alleged that published
10  data in scientific literature establishes that hyaluronic acid 'attracts and retains only a fraction of
11  its weight in water from the atmosphere.'  [She] cites those studies in her complaint." (cleaned
12  up)); *Locklin*, 2022 WL 867248, at *4 ("[Plaintiff] does not allege that [Defendant's] 'reef safe'
13  assertion lacks substantiation—that, say, no scientific evidence exists to bolster the company's
14  advertising.  He instead asserts [the] 'reef safe' label is outright false.").

15  Finally, Defendant's marketing statements are not mere puffery.  "A statement is
16  considered puffery if the claim is extremely unlikely to induce consumer reliance."  *Newcal*
17  *Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) (noting "a general assertion" of
18  "low costs" and "flexibility" is "classic puffery").  "A statement that is quantifiable, that makes a
19  claim as to the specific or absolute characteristics of a product, may be an actionable statement of
20  fact while a general, subjective claim about a product is non-actionable puffery."  *Id.* (cleaned up);
21  *see Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997) ("'Less is
22  More' . . . is precisely the type of generalized boasting upon which no reasonable buyer would
23  rely.  The '50% Less Mowing Claim,' on the other hand, is a specific and measurable
24  advertisement claim of product superiority based on product testing and, as such, is not puffery.").
25  Defendant's statements that its products relieve stress and reduce conflict, scratching, and urine
26  marking are not extremely unlikely to induce consumer reliance.  They are objective statements on
27  which a reasonable consumer could rely.  *Cf. Perez*, 2022 WL 2756670, at *5 (concluding
28  subjective statements based on speed ("fast-absorbing") and love ("water-loving") were puffery).

5

1   Indeed, drawing all inferences in Plaintiff's favor, the products have no purpose *other* than to calm
2   cats.
3                                                    * * *
4         Plaintiff adequately alleges Defendant's statements are false or misleading under the
5   CLRA and FAL and unfair and fraudulent under the UCL.  Accordingly, she also adequately
6   alleges the statements are "unlawful" under the UCL's third prong.  *Cel-Tech Commc'ns, Inc. v.*
7   *L.A. Cellular Tel. Co.*, 973 P.2d 527, 539–40 (1999) ("By proscribing 'any unlawful' business
8   practice, section 17200 borrows violations of other laws and treats them as unlawful practices that
9   the [UCL] makes independently actionable." (cleaned up)).

**II.   REMEDIES**

   **A.   Restitution & Injunctive Relief**

"In seeking redress for a wrong, a litigant may obtain equitable or legal remedies.  The 'traditional' equitable remedy is an injunction.  The 'traditional' legal remedy is monetary damages." *Zapata Fonseca v. Goya Foods Inc.*, No. 16-CV-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (cleaned up).  As a matter of equitable jurisdiction, a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  Plaintiff seeks damages, restitution, and injunctive relief for her CLRA claim; restitution and injunctive relief for her FAL and UCL claims; damages for breach of express and implied warranty; and restitution for unjust enrichment.[2]  (*See* Dkt. No. 1 ¶¶ 65, 73, 87, 95, 103, 110.)  Thus, the complaint seeks two forms of equitable relief that potentially implicate *Sonner*: restitution and injunctive relief.

With respect to restitution, the complaint does not explain why damages for Plaintiff's CLRA, breach of express warranty, and breach of implied warranty claims are an inadequate remedy. *See Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022) (concluding damages were adequate remedy at law for plaintiff who bought car based on false or misleading

---

[2] *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("When a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." (cleaned up)).

advertising); *In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, No. 20-CV-03131-JSC, 2021 WL 1176645, at *7 (N.D. Cal. Mar. 29, 2021) ("[N]owhere in the complaint do Plaintiffs allege that the three-fold damages they seek are inadequate or otherwise distinguish their request for restitution from their request for damages."). And Plaintiff's opposition fails to address *Sonner*'s holding. Accordingly, Plaintiff's prayer for restitution is not adequately pled.

With respect to injunctive relief, Plaintiff plausibly alleges she lacks an adequate legal remedy. Damages related to the products Plaintiff has already bought do not remedy the harm from Defendant continuing to use misleading marketing statements on those products. *See Warren v. Whole Foods Mkt. Cal., Inc.*, No. 21-CV-04577-EMC, 2022 WL 2644103, at *9 (N.D. Cal. July 8, 2022) ("[R]etrospective damages are not an adequate remedy for the prospective harm that injunctions are designed to prevent, and injunctive relief was not at issue in *Sonner* because the defendant only moved to dismiss the plaintiff's claims for restitution. . . . Because the injunctive relief that Plaintiffs request is prospective and their remedy at law, damages, is retrospective, their claim for an injunction does not appear to be barred by *Sonner*." (cleaned up)).

However, Plaintiff does not establish standing to pursue such relief. As a matter of Article III standing to seek injunctive relief, a plaintiff must establish "an actual and imminent, not conjectural or hypothetical threat of future harm." *Davidson*, 889 F.3d at 969 (cleaned up). In the false advertising context,

> a previously deceived consumer may have standing to seek an injunction . . . even though the consumer now knows or suspects that the advertising was false at the time of the original purchase . . . . Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to. In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved.

*Id.* at 969–70 (cleaned up). Plaintiff does not allege she will purchase the products again, nor that she would like to purchase them again but will not because she is unable to rely on their labeling. *See Gasser v. Kiss My Face, LLC*, No. 17-CV-01675-JSC, 2017 WL 4773426, at *3–4 (N.D. Cal.

7

1   Oct. 23, 2017). The complaint does not allege other facts supporting a reasonable inference of
2   actual and imminent future harm. At oral argument, Plaintiff conceded she does not have standing
3   to pursue an injunctive relief claim. Accordingly, the injunctive relief demand is dismissed
4   without leave to amend.

### B. Punitive Damages

Plaintiff's general prayer for relief includes punitive damages. (Dkt. No. 1 at 23.) Such damages are not available under the FAL, UCL, or breach of express or implied warranty claims, but are available under the CLRA. *See Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020). To support punitive damages, the complaint must allege "circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that his conduct may be called wil[l]ful or wanton." *Franklin v. Ocwen Loan Servicing, LLC*, No. 17-CV-02702-JST, 2017 WL 4922380, at *3 (N.D. Cal. Oct. 31, 2017) (quoting *Taylor v. Superior Court*, 24 Cal. 3d 890, 894–95 (1979)).

Plaintiff alleges "Defendant knew or should have known . . . the statements were untrue and misleading," "intended to not sell the Products as effective products," and "knows those products contain ingredients that are not proven to work as advertised." (Dkt. No. 1 ¶¶ 63, 70, 85.) That the main active ingredient in Defendant's products allegedly has no effect on cats' stress-related behavior plausibly supports an inference of malice, intent to defraud, or intent to deceive by promoting the products as cat-calming. *See Price v. Kawasaki Motors Corp., USA*, No. SACV 10-01074-JVS, 2011 WL 10948588, at *7 (C.D. Cal. Jan. 24, 2011). Accordingly, Plaintiff's prayer for punitive damages is adequately pled.

\* \* \*

Plaintiff plausibly alleges violations of the CLRA, FAL, and UCL. However, she does not allege she lacks an adequate remedy at law to support her prayer for restitution and does not establish Article III standing to support her prayer for injunctive relief. Accordingly, Defendant's motion is GRANTED as to Plaintiff's FAL, UCL, and unjust enrichment claims, which seek only restitution and/or injunctive relief. The motion is GRANTED as to restitution and injunctive relief

8

1   for her CLRA claim, but DENIED as to damages for that claim. The motion is DENIED as to
2   punitive damages generally.

### III. BREACH OF EXPRESS WARRANTY

"To state a claim for breach of express warranty under California law, a plaintiff must allege (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury." *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817 (N.D. Cal. 2014). Plaintiff alleges Defendant breached an express warranty that the products "were effective and would provide relief for certain unwanted, stress induced behaviors in cats, . . . including that the Products were 'trusted,' and/or 'proven' to help reduce stress-related behaviors such as 'scratching' and 'urine marking.'" (Dkt. No. 1 ¶ 90.) In particular, she plausibly alleges breach and proximate cause—the "how and when"—by alleging that the products did not effectively treat stress or related behaviors in cats, and therefore that the marketing statements were untrue. *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 875 (N.D. Cal. 2015).

Accordingly, Defendant's motion is DENIED as to the breach of express warranty claim.

### IV. BREACH OF IMPLIED WARRANTY

"[A]n implied warranty of fitness for a particular purpose exists if at the time of contracting the seller knows or has reason to know that the buyer is relying on the seller's skill or judgment to select or to furnish suitable goods for certain purpose." *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 832 (N.D. Cal. 2021) (cleaned up). "An essential element of a claim for breach of implied warranty of fitness for a particular purpose is that a plaintiff intended to use the product for a particular purpose, i.e., a use different from the ordinary purpose of the product." *Id.* (cleaned up).

Plaintiff alleges the products "are not capable" of "providing relief related to certain unwanted, stress induced behaviors in cats." (Dkt. No. 1 ¶ 98.) Drawing all reasonable inferences in Plaintiff's favor, that is the products' ordinary purpose. And Plaintiff does not allege she intended to use them for a different, particular purpose. *See Watkins*, 550 F. Supp. 3d at 832 ("Plaintiff Sensney has alleged only that the Glamper was purchased for use as a child's toy,

1  which is the ordinary purpose of this product."). Moreover, Plaintiff did not address this claim in
2  her opposition to Defendant's motion to dismiss, thus abandoning it. *See Carvalho v. Equifax*
3  *Info. Servs.*, LLC, 629 F.3d 876, 888 (9th Cir. 2010).

4  Accordingly, Defendant's motion is GRANTED as to this claim.

**V.  OTHER PRODUCTS**

"[A] plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012). "Although the Ninth Circuit has not directly addressed 'substantial similarity' for purposes of consumer fraud-based class actions, district courts, driven by *Armstrong*, have taken a broad approach." *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 907 (N.D. Cal. 2021); *see Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2001).

"Consider[ing] the similarity of the claims and injuries flowing from the misrepresentations on each product," *Cimoli*, 546 F. Supp. 3d at 908, the Spray & Scratch Control product is substantially similar to the Cat Calming Kit, Multi-Cat Calming Kit, and Calming Pheromone Collar Plaintiff bought. Plaintiff alleges all four products contain synthetic pheromones and are marketed to calm cats. Thus, considering Plaintiff's theory of misrepresentation, the products are substantially similar. *See id.*; *cf. Miller*, 912 F. Supp. 2d at 870–72 ("[T]he products are different: baking chips, three drink powders, and wafers. . . . They look different, they are labeled differently (white mocha for a drink, Frappe Classico Classic White for another drink) . . . . [Plaintiff's] best argument is that the labels imply white chocolate content, but the alleged misrepresentations vary widely."). The Court is not persuaded that saying "proven to stop scratching" is so materially different from saying "stops scratching" that Plaintiff does not have standing to challenge the Spray & Scratch Control product.

Accordingly, Plaintiff has standing to assert class claims based on a substantially similar product to the ones she bought. Defendant's motion to dismiss on this basis is DENIED.

**CONCLUSION**

Defendant's motion is GRANTED as to Plaintiff's FAL, UCL, implied warranty of fitness

10

for a particular purpose, and unjust enrichment claims, and as to restitution and injunctive relief for her CLRA claim. Those claims, except the injunctive relief demand, are dismissed with leave to amend because it is not absolutely clear the defects could not be cured by amendment. *See Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). Defendant's motion is DENIED as to Plaintiff's breach of express warranty claim, as to damages for her CLRA claim, and as to punitive damages generally.

Plaintiff may file an amended complaint on or before **April 20, 2023**.

This Order disposes of Docket No. 18.

**IT IS SO ORDERED.**

Dated: March 30, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

11